Wxlt, J.
In the settlement of this succession the present controversy arises from the demand of G-. W. Newman for the marital fourth of the succession of his deceased wife, Callie N. Newman, who died without leaving ascendants or descendants and leaving a succession of more than twenty-four thousand dollars after payment of debts.
The amount stated is now in the hands of the administrator, and *594 the debts are paid. Besides this, there are a few outstanding claims belonging to the succession. The court allowed the opponent, G. W. Newman, one-fourth of the funds on hand, and J. L. C. Graham a collateral heir of the deceased, and her administrator, has appealed.
The objection of prematurity of the action is unfounded. The succession has been under administration for nine years, and is sufficiently liquidated for a settlement among the heirs. The plea to the jurisdiction is also without weight. The demand of the opponent G. W. Newman, under article 2382 of the Revised Code ior a marital portion, is not the action of a creditor against a succession. It is the portion which the law allows in the settlement of a succession to the surviving spouse in necessitous circumstances where the deceased died rich. It is a right which must be asserted in the court charged with the settlement of the succession. All successions shall be opened and settled in the parish courts. Constitution, article 87.
It is shown that the husband has three horses and a buggy. The succession of his wife exceeds twenty-four thousand dollars in the hands of the administrator. He is entitled to the marital fourth. Succession of Fortier, 3 An. 104.
The court did not err in allowing the opponent G. W. Newman one-fourth of the funds of the succession in the hands of the administrator.
Judgment affirmed.